# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| TRAVIS LEAR,<br><br>                             Petitioner,<br><br>    v.<br><br>STATE OF WASHINGTON,<br><br>                             Respondent. | CASE NO. C21-0013-RAJ-MAT<br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

Petitioner, proceeding pro se, submitted a 28 U.S.C. § 2254 habeas corpus petition seeking to challenge his September 12, 2014 conviction and sentence in King County Superior Court. (Dkt. 3.) Petitioner argues the State of Washington lacks jurisdictional authority to decide federal constitutional matters and deems inapplicable the one-year statute of limitations for filing a habeas petition contained in 28 U.S.C. § 2244(d). He contends this is an "original action," not an appeal of his judgment or conviction, and a "constitutional challenge to state action" for which "original jurisdiction" lies in this Court. (Dkt. 3 at 13.) He seeks as relief federal intervention to preserve his constitutional rights. (*Id*. at 15.) The Court, for the reasons set forth below, finds the habeas

REPORT AND RECOMMENDATION
PAGE - 1

petition should be DENIED and this case DISMISSED.

DISCUSSION

A search of state court filings confirms petitioner's assertions (*see* Dkt. 3) he filed a direct appeal of his conviction in the Washington Court of Appeals on September 12, 2014, that the court affirmed his conviction on January 19, 2016, that he filed a petition for review with the Washington Supreme Court on March 19, 2016, and that the Supreme Court disposed of that petition on June 29, 2016.  https://dw.courts.wa.gov (Case No. 724541 (Washington Court of Appeals Division I) and Case No. 928754 (Washington Supreme Court)).  The Court of Appeals issued its mandate and disposed of the direct appeal on July 15, 2016.  *Id*.  Petitioner did not file a personal restraint petition and, before now, did not pursue federal habeas relief.  *See id*.; (*see also* Dkt. 3.)

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions.  That period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  § 2244(d)(1)(A).  The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1).  The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2).

In this case, the statute of limitations began to run on the date on which the judgment became final through the conclusion of direct review or the expiration of time for seeking direct review.  § 2244(d)(1)(A).  Petitioner's conviction became final on September 27, 2016, ninety days after the Washington Supreme Court's June 29, 2016 denial of review.  His one-year statute

REPORT AND RECOMMENDATION
PAGE - 2

of limitations under § 2244(d)(1) began to run the following day, on September 28, 2016. *Patterson v. Stewart*, 251 F.3d 1243, 1246-47 (9th Cir. 2001).

The one-year limitations period for filing a § 2254 action is tolled for any properly filed collateral state challenge to the pertinent judgment or claim. 28 U.S.C. § 2244(d)(2). In this case, because petitioner did not file a personal restraint petition or any other collateral challenge, his one-year limitations period ran for 365 days and expired on September 27, 2017. Petitioner filed his federal habeas petition on January 5, 2021 (Dkt. 1), well over three years after his statute of limitations expired.

The statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Petitioner does not identify any grounds for equitable tolling. (*See* Dkt. 3.) Nor is it apparent any extraordinary circumstances beyond petitioner's control inhibited his ability to timely pursue his claims and entitle him to the equitable tolling of the federal statute of limitations. Instead, the habeas petition consists of repetitive, inaccurate assertions of an alleged absence of jurisdiction on the part of Washington State to decide any federal constitutional issues. Contrary

REPORT AND RECOMMENDATION
PAGE - 3

to petitioner's contention, the state courts do have jurisdiction to adjudicate his claims on appeal and through a personal restraint petition. Petitioner is, in fact, required to "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," a process of exhaustion which necessitates a state prisoner "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1993) (to exhaust state remedies, petitioner must present each of his claims to the state's highest court), and *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution."; neither the "mere similarity between a claim of state and federal error", nor "general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial," suffice to establish exhaustion) (cited sources omitted). Because petitioner filed his petition outside of the § 2254 statute of limitations period, and because he does not assert or show his entitlement to tolling, his petition is time-barred.

## CONCLUSION

The Court, in sum, recommends petitioner's federal habeas petition be DENIED as time-barred and this case DISMISSED with prejudice.[1] Additionally, because petitioner has not made

---

[1] The petition also suffers from other deficiencies. Petitioner, for example, fails to name a correct respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (petition must name as respondent state officer having custody of petitioner, typically the warden of the facility in which petitioner is incarcerated; failure to name the custodian deprives federal courts of personal jurisdiction). Petitioner also fails to set forth any specific, proper, and exhausted grounds for habeas relief. *See* 28 U.S.C. § 2254(a) (petitioner must show custody in violation of the Constitution, laws or treaties of the United States) and (d) (petitioner must demonstrate highest state court decision rejecting grounds for relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or resulted in decision based on an unreasonable determination of facts in light of evidence presented in state court).

REPORT AND RECOMMENDATION
PAGE - 4

"a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes he is not entitled to a certificate of appealability with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.") A proposed Order accompanies this Report and Recommendation.

OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 19, 2021**.

DATED this 22nd day of January, 2021.

Mary Alice Theiler
United States Magistrate Judge